UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK RYAN BRAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16CV88 HEA |
| RMS REVERSE MORTGAGE SOLUTIONS, Inc., et al., | ) ) ) ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint for subject matter jurisdiction. It appears that jurisdiction is lacking, and the Court will order plaintiff to show cause why the complaint should not be dismissed.

Plaintiff brings this action for wrongful foreclosure and theft of personal property. Plaintiff invokes diversity jurisdiction because the parties are diverse and the amount in controversy is in excess of $75,000.

### Background

According to the complaint, plaintiff's father, Kenneth Wayne Bray, died on March 3, 2014. He did not have a will, and plaintiff claims he and his brother were the sole heirs of the estate. Defendant RMS Reverse Mortgage Solutions, Inc., ("RMS") possessed a reverse mortgage on the property in the estimated amount of $152,000.

On June 10, 2014, a case was opened in probate court to determine the distribution of the estate's assets. *See Bray v. RMS Reverse Mortgage Solutions, Inc.*, 14SL-PR01601 (St. Louis County). Plaintiff hired counsel to represent the estate.

Plaintiff had several discussions with RMS regarding the payoff amount of the reverse mortgage. Plaintiff claims that RMS refused to give him the amount. At the same time, RMS was seeking to foreclose upon the real property owned by the estate. Plaintiff alleges that RMS employees and counsel made several misrepresentations to him, which ultimately prohibited him from rehabilitating the real property so that he could sell it.

Plaintiff also claims that there was personal property in the form of heirlooms at the house that he intended to keep.

On September 25, 2015, plaintiff filed a petition for temporary restraining order in the probate court to prohibit RMS from foreclosing on the property. *Id.* The court granted the petition for a ten-day period. *Id.* Plaintiff did not subsequently seek an injunction.

On January 20, 2015, plaintiff voluntarily dismissed the probate action to allow RMS to institute foreclosure proceedings. *Id.*; Cmplt. at 12.

Before the foreclosure proceedings, plaintiff sent his representative to the property to recover the heirlooms contained inside. Upon arrival, the representative found that the locks had been replaced, and he was unable to enter the property. Plaintiff called RMS's counsel to attempt to recover the personal property. Ultimately, plaintiff was unable to recover the property.

On October 30, 2015, the real property was sold for $272,000.

In Count I, wrongful foreclosure, plaintiff alleges that defendant failed to comply with HUD and FHA guidelines relating to reverse mortgages. Specifically, plaintiff alleges that RMS did not properly complete the required "Important Notice" form. However, plaintiff's representative signed the form and returned it to RMS with a cover letter from plaintiff's attorney. Plaintiff claims that RMS acted in bad faith in foreclosing the property.

In Count II, theft of personal property, plaintiff claims that RMS stole the heirlooms contained in the property.

Plaintiff seeks monetary relief.

## Discussion

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted); *see Kuhl v. Hampton*, 451 F.2d 340, 342 (8th Cir. 1971) (federal courts "were not established to mediate any and all types of complaints and alleged wrongs.").

This federal courts do not have jurisdiction to decide probate matters. "The probate exception is a judicially-created limitation on federal court subject matter jurisdiction, which prohibits the exercise of jurisdiction even where . . . all the prerequisites for diversity jurisdiction are otherwise present. *Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002); *see Markham v. Allen,* 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate . . .").

In this case, plaintiff is asking the Court for a judgment requiring RMS to compensate the estate for the value of the real property in excess of the amount owed to RMS for the reverse mortgage. And plaintiff is seeking compensation for the monetary value of the personal property. These are matters for the probate court, which has the power to determine the proper distribution of the estate's assets. Therefore, it appears that the probate exception to federal jurisdiction requires that the Court dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) (dismissal for lack of jurisdiction).

Moreover, to the extent that plaintiff is seeking relief from the probate court's determinations, this Court lacks jurisdiction over the complaint. Federal district courts lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.*

Finally, under Missouri law, a court does not have jurisdiction to hear a wrongful foreclosure action unless the mortgagee had no right to foreclose. *Dobson v. Mortgage Electronic Registration Systems, Inc.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). In this action, plaintiff does not contend that RMS had no right to foreclose. In fact, plaintiff alleges that he dismissed the probate case to allow the foreclosure to take place. Therefore, it appears that there is no jurisdictional basis in Missouri law for a wrongful foreclosure action.

Before dismissing this action, the Court will permit plaintiff to show cause why this case should not be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDRED** that if plaintiff fails to respond to this Order, this case will be dismissed without further proceedings.

Dated this 26th day of January, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE