UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK RYAN VRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV88 HEA |
| | ) | |
| RMS REVERSE MORTGAGE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for lack of Standing, [Doc. No. 14]. Plaintiff opposes the motion. For the reasons set forth below, Defendants' motion is well taken and will be granted.

**Facts and Background**

Plaintiffs' Complaint alleges Defendants wrongfully foreclosed Plaintiff's deceased father's property and "theft of personal property" by failing to send out an "Important Notice" as required by HUD and/or FHA guidelines relating to reverse mortgages, foreclosing the subject property and removing the contents thereof. The Complaint seeks recovery of damages allegedly suffered by the estate of Plaintiff's father, Kenneth Wayne Bray. The Complaint identifies Barry Fishbach as the personal representative of the Estate. Further, the Complaint identifies the heirs of the Estate as plaintiff and his estranged brother, however, the

Complaint also details that a finding of heirship has not been made in the Missouri Probate Court.

Defendants move to dismiss this matter for lack of subject matter jurisdiction by reason of the fact that it has not been brought by the proper party, *i.e.*, the personal representative of the estate, Barry Fishbach.

## Discussion

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based on the face of the pleadings, or a "factual" challenge, in which the court considers matters outside the pleadings. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729, n. 6 (8th Cir. 1990); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). Here, Defendant's challenge is based on the face of the pleadings and is therefore a facial attack. In evaluating a facial attack, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Osborn,* 918 F.2d at 729 n. 6). The court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Article III, § 2 of the United States Constitution, federal jurisdiction is limited to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Where a case is at the pleading stage, the plaintiff must "clearly...allege facts demonstrating each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Defendants urge dismissal for lack of standing because Plaintiff is not the personal representative of the Estate of Kenneth Wayne Bray, original owner of the subject property.

Section 473.270 of the Missouri Revised Statutes provides:

Executors and administrators shall collect all money and debts of every kind due to the decedent, and give receipts and discharges therefor, and shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration, and defend all actions brought against him.

Thus, a decedent's cause of action can only survive if brought by a personal representative of his estate appointed by a probate court. *Johnson v. Akers,* 9 S.W.3d 608, 609–610 (Mo.2000). "A personal representative of an estate is appointed by the probate division of the circuit court in the applicable jurisdiction upon filing of letters of administration with the court." *Id.* (citing Mo.Rev.Stat. § 473.110).

Plaintiff admits he is not the personal representative of his father's estate. Plaintiff, therefore, lacks standing to bring this claim, so this case must, necessarily, be dismissed. "Standing is jurisdictional and a lack of standing cannot be waived," under the doctrine of laches or otherwise. *See Sauter v. Schnuck Market, Inc.,* 803 S.W.2d 54, 55 (Mo.App. 1990). Defendants' Motion to Dismiss for lack of subject matter jurisdiction is well placed.

**Conclusion**

Based upon the foregoing analysis, the Court concludes that Plaintiff lacks standing to pursue this action, and therefore, the Court is without subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No

14], is **GRANTED.**

**IT IS FURTHER ORDERED** this matter is dismissed.

Dated this 28th day of November, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE