UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK RYAN BRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV88 HEA |
| | ) |
| RMS REVERSE MORTAGAGE | ) |
| SOLUTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration, [Doc. No. 34]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

On November 28, 2016, the Court entered its Opinion, Memorandum and Order granting Defendant's Motion to Dismiss. Plaintiff now seeks to have the Court reconsider the dismissal of this action.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

1

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998), (internal punctuation and citations omitted). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder–Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could

have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

In his Motion, Plaintiff attempts to persuade the Court to grant relief from its findings which led to the conclusion that Plaintiff failed to state a cause of action. Plaintiff has presented nothing new, nor has he pointed the Court to any mistake so severe as to establish manifest error. The Court articulated its reasoning in finding that Plaintiff's Complaint failed to satisfy the minimal pleading requirements set forth in *Twombly* and *Iqbal*. Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended. Likewise, Plaintiff has presented none of the reasons set forth in Rule 60(b) which would allow relief.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration [Doc. No. 34] is denied.

Dated this 18th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE